UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARION VANLEER,

        Plaintiff,

v.

DETROIT POLICE DEPARTMENT,
*et al*.,

        Defendants.
_____/

Case No. 2:25-cv-11425

District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART AND DENYING PLAINTIFF'S MOTION AND REQUEST (ECF No. 22), PERMITTING LIMITED DISCOVERY, and EXTENDING PLAINTIFF'S RESPONSE DEADLINES

**A.**    **Background**

Bernarion Delshawn VanLeer initiated this lawsuit *in pro per* on March 11, 2025 against several Defendants. *See* Case No. 1:25−cv−00289−HYJ−RSK (W.D. Mich.). The facts underlying Plaintiff's case concern, *inter alia*, the alleged events of November 8, November 9, and November 10, 2023 at Sinai Grace Hospital in Detroit, MI. (*See* ECF No. 1, PageID.3-7.)

On May 12, 2025, Judge Jarbou dismissed the MDOC Defendants (Sherry, Washington, and the MDOC) and transferred the case to this Court. (ECF No. 3.) As a result, only Defendants Detroit Police Department (DPD) officers, Sinai

1

Grace Hospital Security Employees, and CEO Gary Purushotham remain. (ECF No. 1, PageID.1-2.) Each is represented by counsel. (ECF Nos. 14, 15, 17, 19.)

This case is now assigned to Judge McMillion, who has referred it to me for pretrial matters.

**B.**  **Instant Motion**

Among the motions currently pending before the Court are two motions to dismiss, each alleging lack of subject matter jurisdiction and failure to state a claim: (1) one filed by Gary Purushotham and Sinai Grace Hospital Security Employees (ECF No. 15); and, (2) the other filed by the City of Detroit/Detroit Police Department (ECF No. 19). Plaintiff's responses to these motions were due on November 14, 2025 (ECF Nos. 19, 20).

On November 12, 2025, Plaintiff filed a "motion for stay of order requiring response to Defendants['] motion to dismiss" and "request for an order to disclose discovery" (ECF No. 22, PageID.68-73), as well as a related brief (*id.*, PageID.84-91). Simultaneously, Plaintiff filed a "motion in brief response to Defendants['] motion to dismiss" (*id.*, PageID.92-95) and a related brief (*id.*, PageID.74-83), which were perhaps intended to be filed separately from Plaintiff's same-day motion and request.

**C.**  **Order**

Upon consideration, Plaintiff's November 12, 2025 motion and request (ECF No. 22, PageID.68-73) is **GRANTED IN PART** and **DENIED IN PART** as follows:  **(1)** while Plaintiff cites Fed. R. Civ. P. 60 ("Relief from a Judgment or Order") or Fed. R. Civ. P. 62 ("Stay of Proceedings to Enforce a Judgment"), no judgment has entered in this case; and, **(2)** while Plaintiff mentions a June 2025 motion to amend and a July 2025 order denying the motion (*see* ECF No. 22, PageID.69-70 ¶¶ 3, 5), it does not appear such a motion was filed in the W.D. Mich. (see ECF No. 4) or in this District after the case was transferred; however, **(3)** to the extent Plaintiff's filing challenges the Court's orders requiring responses (ECF Nos. 18, 20), it will be construed as a motion to extend made "before the original time or its extension expires[,]" Fed. R. Civ. P. 6(b)(1)(A) ("Extending Time.") and **GRANTED**; and, **(4)** to the extent Plaintiff seeks discovery before responding to the motions to dismiss, which are ordinarily decided without the benefit of discovery,[1] the Undersigned is struck by Plaintiff's concern about

---

[1] *See*, *e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. . . . This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding.") (internal citations omitted); *VCST Int'l B.V. v. BorgWarner Noblesville, LLC*, 142 F.4th 393, 399 (6th Cir. 2025) (Under Fed. R. Civ. P. 12(b)(6)'s usual framework, courts "must restrict their review to the 'four corners' of the complaint and a limited set of other materials, such as documents that the complaint refers to and depends on.").

"correctly naming the specific individuals who were involved in the outlandish assault against him[,]" (ECF No. 22, PageID.72 ¶ 12).  For example, within the subject matter jurisdiction argument of the Sinai Grace Defendants' motion to dismiss, they state: "Plaintiff fails to allege any factual content to suggest that Defendants Gary Purushotham and the unnamed Sinai Grace Hospital Security Employees were state actors for purposes of § 1983."  (ECF No. 15, PageID.38, 40, 42.)  Similarly, within the background of City of Detroit/DPD's motion to dismiss, it states:  "Plaintiff does not name any individual City of Detroit police officers."  (ECF No. 19, PageID.61.)

Accordingly, the Court **HEREBY PERMITS** Plaintiff to serve interrogatories (consistent with Fed. R. Civ. P. 33) or requests for production (consistent with Fed. R. Civ. P. 34) *for the limited purpose of identifying the Sinai Grace security guard(s) and/or DPD officers* involved in the alleged events of November 8, November 9, or November 10, 2023 at Sinai Grace Hospital in Detroit, MI, to the extent he is unable to discern identification from the police report referenced in his pleadings, *i.e.*, "Police Report, 23-1113-0265, Ofc Lever 3478, assault and battery."  (*See* ECF No. 1, PageID.6.).  Of course, nothing prevents Plaintiff from utilizing "informal discovery" techniques for determining this information, such as Internet searches or Freedom of Information Act requests.

As for Plaintiff's simultaneously filed "motion in brief response to Defendants['] motion to dismiss" (*id.*, PageID.92-95), rather than assume these are the responses upon which Plaintiff intends to rest, Plaintiff's deadline – by which to file *separate* responses to Defendants' pending motions to dismiss (ECF Nos. 15, 19) – is **HEREBY EXTENDED** to **Friday, February 20, 2026**, which should accommodate any discovery Plaintiff serves upon Defendants on the limited issue of identification.  Each response should be tailored to the particular motion it opposes and should also comply with all applicable rules, in particular E.D. Mich. LR 5.1 ("Filing of Papers") and E.D. Mich. LR 7.1 ("Motion Practice").

Finally, Plaintiff's motion to appoint counsel (ECF No. 21) will be address under separate cover.

**IT IS SO ORDERED.**[2]

Dated:  November 24, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).